IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES H. STREETS,**

    **Plaintiff,**

    v.

            Civil Action 2:13-cv-0803
            Judge James L. Graham
            Magistrate Judge Elizabeth P. Deavers

**PUTNAM, INC., et al.,**

    **Defendants.**

### OPINION AND ORDER

This matter is before the Court for consideration of Defendant Cincinnati Insurance Company's Motion for More Definite Statement. (ECF No. 3.) In its Motion, Defendant seeks relief under Rules 12(e) and 9(b) of the Federal Rules of Civil Procedure. Plaintiff filed a Response to Defendant's Motion on September 12, 2013 (ECF No. 4), and Defendant filed a Reply to Plaintiff's Response on September 13, 2013. (ECF No. 5.) For the reasons that follow, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

In his Complaint (ECF No. 1) and Response to Defendant's Motion for More Definite Statement (ECF No. 4), Plaintiff alleges that Defendant was a material participant in a fraudulent scheme to have him wrongfully convicted in a criminal trial. (ECF No. 4 at p.1.) Specifically, Plaintiff alleges the following:

> The matter at hand involves [Defendant] and [its] actions in connection with Putnam and their fraudulent acts to obtain a criminal conviction against streets and hence a restitution payout to compensate [Defendant] for the alleged Putnam

1

>loss. [Defendant] did materially particip ate in the actions of Putnam to help Putnam obtain a conviction which was unjust and unlawful.

(*Id.*)

## II.     STANDARD

Defendant seeks relief under Rules 12(e) and 9(b) of the Federal Rules of Civil Procedure. Rule 12(e) provides in pertinent part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). This Court has recognized that a "motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail.'" *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2011 WL 6749066, *2 (S.D. Ohio Dec. 22, 2011) (quoting *Jakovich v. Hill, Stonestreet & Co.*, No. 1:05-cv-2126, 2005 WL 3262953, *3 (N.D. Ohio Nov. 30, 2005)). Such a motion "'must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Id.* (quoting *Jakovich*, 2005 WL 3262953, at *3)**.** "In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts." *Id.* (citing *Monsul v. Ohashi Technica U.S.A., Inc.*, No. 2:08−cv−958, 2009 WL 2430959, *4 (S.D. Ohio Aug.6, 2009)); *see also Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D.Ohio 1984) ("Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery.").

Rule 9(b) provides in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Court of Appeals for the Sixth Circuit interprets this to require plaintiffs to "allege the time,

place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993) (internal citations omitted). The failure to plead a fraudulent act with particularity in accordance with Rule 9(b) has been recognized as a valid ground to grant a motion for more definite statement. *Fed. Ins. Co. v. Webne*, 513 F.Supp. 2d 921, 925 (N.D. Ohio 2007).

### III. ANALYSIS

Plaintiff's Response to Defendant's Motion alleges that Defendant conspired to participate in a fraudulent act with other named Defendants. (ECF No. 4 at p.5.) Neither Plaintiff's Complaint nor his Response, however, specifically allege the time, place, and content of the alleged fraud as required by Rule 9(b). Plaintiff's Complaint and Response are so ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. Accordingly, Defendant's Motion for a More Definite Statement is **GRANTED**. Plaintiff must more clearly plead all legal causes of action that he is claiming against The Cincinnati Insurance Company. For each cause of action, Plaintiff must set out facts outlining the dates of all wrongful acts for which he seeks compensation and the entities committing such wrongful acts. For any allegations of fraud that Plaintiff intends to assert, Plaintiff should include the time, place and content of any alleged misrepresentation, identify who made the misrepresentation and to whom, who relied on such misrepresentation, the nature of any fraudulent scheme and fraudulent intent of The Cincinnati Insurance Company, as well as any injury resulting from the purported fraud. Plaintiff should also set out to the extent possible the date, time, place and underlying specific factual details of any alleged civil conspiracy, wrongful actions, unjust enrichment or other claims. Plaintiff shall either file a More Definite Statement or an Amended Complaint in compliance with

this Order within **FOURTEEN (14) DAYS** of the date of this Order.

    **IT IS SO ORDERED.**


Date: September 24, 2013                                                 /s/ *Elizabeth A. Preston Deavers*
                                                                                                       Elizabeth A. Preston Deavers
                                                                                                       United States Magistrate Judge