**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES H. STREETS,**

    **Plaintiff,**

    v.

**PUTNAM, INC., et al.,**

    **Defendants.**

Civil Action 2:13-cv-0803
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Hankook Tire America Corporation's Motion for More Definite Statement. (ECF No. 13.) In its Motion, Defendant seeks relief under Rules 12(e) and 9(b) of the Federal Rules of Civil Procedure. Plaintiff filed a Response to Defendant's Motion on November 4, 2013 (ECF No. 19), and Defendant filed a Reply to Plaintiff's Response on November 14, 2013. (ECF No. 22.) For the reasons that follow, Defendant's Motion is **GRANTED**.

**I.**

In his Complaint and Response to Defendant's Motion for More Definite Statement, Plaintiff alleges that Defendant Hankook Tire America Corporation ("Hankook") breached a contract, conspired with the United States government and other defendants regarding certain bills of lading, and participated in a fraudulent scheme to have Plaintiff wrongfully convicted in a criminal trial. To support his allegations, Plaintiff points to the fact that Hankook did not intervene in his criminal trial, which Plaintiff claims violated the "Hold Harmless" provision of

his contract with Hankook. (Pl.'s Mem. in Opp. 5, ECF No. 19). Further, Plaintiff notes several instances of Hankook or its agents making fraudulent statements in connection with his criminal trial, and alleges that those statements involved "rehearsed testimony" as part of a conspiracy with the United States government. (*Id.* at 6.) Finally, Plaintiff notes that his injuries include the loss of his business, his reputation, his freedom, and the funds he was ordered to pay to "another party," presumably as a result of his criminal conviction. (*Id.* at 5.)

## II.

Hankook seeks relief under Rules 12(e) and 9(b) of the Federal Rules of Civil Procedure. Rule 12(e) provides in pertinent part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). This Court has recognized that a "motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail.'" *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2011 WL 6749066, at *2 (S.D. Ohio Dec. 22, 2011) (quoting *Jakovich v. Hill, Stonestreet & Co.*, No. 1:05-cv-2126, 2005 WL 3262953, at *3 (N.D. Ohio Nov. 30, 2005)). Such a motion "'must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Id.* (quoting *Jakovich*, 2005 WL 3262953 at *3). "In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts." *Id.* (citing *Monsul v. Ohashi Technica U.S.A., Inc.*, No. 2:08‒cv‒958, 2009 WL 2430959, at *4 (S.D. Ohio Aug. 6, 2009)); *see also Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D. Ohio 1984) ("Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery.").

Rule 9(b) provides in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Sixth Circuit interprets this Rule to require plaintiffs to "allege the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993) (internal citations omitted). Courts have recognized that failure to plead a fraudulent act with particularity in accordance with Rule 9(b) is a valid ground on which to grant a motion for more definite statement. *Fed. Ins. Co. v. Webne*, 513 F.Supp. 2d 921, 925 (N.D. Ohio 2007).

### III.

Because Plaintiff's Complaint and Response are so ambiguous that Hankook cannot reasonably be required to frame a responsive pleading, Hankook's Motion for More Definite Statement is granted. Plaintiff alleges that Hankook committed unspecified fraud when it allowed a criminal case to proceed against Plaintiff. Plaintiff further notes that unnamed individuals made fraudulent statements against Plaintiff in his criminal trial as part of Hankook's conspiracy with the United States government. Neither Plaintiff's Complaint nor his Response, however, specifically allege the time, place, and content of the alleged fraud as required by Rule 9(b).

Plaintiff must more clearly plead all legal causes of action that he is claiming against Hankook. For each cause of action, Plaintiff must set out facts outlining the dates of all wrongful acts for which he seeks compensation and the entities committing such wrongful acts. For ease of reference, Plaintiff should number each paragraph and limit the topic to a single set of circumstances. For any allegations of fraud that Plaintiff intends to assert, Plaintiff must include

the time, place and content of any alleged misrepresentation, identify who made the misrepresentation and to whom, who relied on such misrepresentation, the nature of any fraudulent scheme and fraudulent intent of Hankook, as well as any injury resulting from the purported fraud. Plaintiff should also set out to the extent possible the date, time, place and underlying specific factual details of any alleged conspiracy, breach of contract, or other claims.  To the extent that it would further clarify his claims, Plaintiff should attach documentation underlying the contracts and bills of lading at issue.  Plaintiff is not required to do so, however, under Rule 10(c) of the Federal Rules of Civil Procedure.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based.").  Plaintiff shall either file a More Definite Statement or an Amended Complaint in compliance with this Order within **FOURTEEN (14) DAYS** of the date of this Order.

**IT IS SO ORDERED.**


Date: December 4, 2013                        /s/ *Elizabeth A. Preston Deavers*
                                              Elizabeth A. Preston Deavers
                                              United States Magistrate Judge