IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James H. Streets,

                Plaintiff,

    v.

Putnam Inc., et al.

                Defendants.

Case No: 2:13-cv-803

Judge Graham

Magistrate Judge Deavers

Opinion and Order

Plaintiff James Streets brings this action *pro se* against defendants Hankook Tire America Corporation, Putnam, Inc., and Putnam's principals (Daniel Hennessey, Patrick Hennessey, Ralph Hennessey and Ronald Kunkel). The original complaint was a rambling, 105-page document that mentioned numerous possible causes of action, including: a claim under the Carmack Amendment, 49 U.S.C. § 14706, *et seq.*; claims under 42 U.S.C. §§ 1983 and 1985 for due process and equal protection violations; and common law claims for breach of contract, breach of fiduciary duty, promissory estoppel, fraud, negligence, unjust enrichment, slander and libel.

The magistrate judge, in granting two motions for more definite statements, found the complaint to be so ambiguous that defendants could not be required to frame responsive pleadings. See Docs. 6 and 25. In response to the magistrate's order, Streets has filed a document that he requests be treated as an amended complaint, and the court will treat it as such. See Doc. 28.

The amended complaint lists three counts against both Hankook and the Putnam defendants. The first is for breach of contract. The second is for "breach of contract/breach of duty." And the third is for "discrimination."

This matter is before the court on separate motions to dismiss filed by Hankook and the Putnam defendants. For the reasons set forth below, the motions to dismiss are GRANTED.

I.      **Factual Allegations**

Streets alleges that he operated a business called Howard Logistics and that his business contracted with Hankook to ship tires in interstate commerce. He alleges that Hankook issued 76 bills of lading to Howard Logistics from July 2001 to March 2003. During the same time period,

Streets alleges, he entered into a broker agreement with Putnam under which Putnam would carry freight that Howard Logistics had contracted to carry for Hankook.

The amended complaint alleges that Hankook breached its duty under the bills of lading by falsely accusing Streets of stealing shipments and accepting payment from Hankook for those shipments.  He alleges that Putnam breached the broker agreement by claiming ownership of the bills of lading, by asserting a right to payment thereunder, and by accusing Streets of stealing its business.

Streets admits that he was indicted in this court in 2007 for mail fraud and making false statements in connection with his dealings with Hankook and Putnam.  See U.S. v. Streets, No. 2:07-cr-82 (S.D. Ohio).  A jury found him guilty on both counts.

Though the allegations are difficult to decipher, the gist of them is that Hankook and the Putnam defendants somehow breached their duties and committed discrimination by cooperating with law enforcement officials in the investigation that culminated in the 2007 indictment of Streets.

## II.  Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.  Because Streets is proceeding pro se, his complaint is construed liberally.  See Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s] devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").  The plaintiff must provide the grounds of his entitlement to relief "rather

than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.  Discussion

### A.  Breach of Contract

Streets asserts claims for breach of contract against Hankook based on the bills of lading and against the Putnam defendants based on the broker agreement. But Streets has failed to identify any contractual provision that defendants allegedly breached. There is no allegation, for instance, that Hankook failed to make payments required under the bills of lading. Nor has Streets alleged that Putnam failed to provide the promised services under the broker agreement. Rather, he alleges that defendants breached the agreements by making false claims against him and by failing to "set straight the record" with investigators and law enforcement authorities. Streets makes vague references to "hold harmless" clauses allegedly contained in the contracts – seemingly arguing that these clauses should be interpreted to mean that defendants would not "hold" anything against Streets by way of making harmful statements about him to the authorities. The court finds this interpretation of a hold harmless clause in the commercial carriage context to be implausible. Thus, Streets has failed to state a claim for breach of contract against either Hankook or the Putnam defendants.

### B.    Breach of Duty

When Streets alleges a "breach of duty," it is unclear whether he is referring to a contractual duty, fiduciary duty, or some other duty.  The amended complaint alleges that defendants had a "moral, legal duty to tell the truth."  If the duty is contractual in nature, then the claim fails for reasons already stated.  If the duty is fiduciary in nature, then the claim is time-barred.  Ohio has a four-year statute of limitations for claims of breach of fiduciary duty.  See O.R.C. § 2305.09(D); Antioch Litig. Trust v. McDermott Will & Emery LLP, 738 F.Supp.2d 758, 773 (S.D. Ohio 2010). Streets filed this action in August 2013.  The amended complaint does not allege when defendants gave false statements to authorities, but the only plausible inference to be made is that the statements were given prior to the completion of the criminal trial in May 2008.  Finally, if the duty is moral or ethical in nature, then the court would liberally construe the claim as one for defamation. A claim for defamation likewise would be time-barred.  See O.R.C. § 2305.11(A) (one-year statute of limitation).

Thus, Streets has failed to state a claim for breach of duty.

### C.    Discrimination

Streets alleges that defendants committed "unconstitutional discrimination" against him by preventing him from exercising his rights under the bills of lading.  As defendants correctly argue, there is no such thing as a generic claim for discrimination.  Liberally construing the complaint, the court observes that the original complaint cited the Equal Protection Clause and § 1983.  See Doc. 2 at p. 7.  Even so, defendants are not state actors, see Hidden Village, LLC v. City of Lakewood, Ohio, 734 F.3d 519, 527 (6th Cir. 2013) (state actor requirement in § 1983 actions), and the Equal Protection Clause (as well as any other applicable federal or state statute) prohibits only certain types of invidious discrimination, such as discrimination based on race, gender, age, or disability.  See Dixon v. Univ. of Toledo, 702 F.3d 269, 278 (6th Cir. 2012).  Streets has made no allegation of invidious discrimination, and the court therefore finds that he has failed to state a claim.

## IV.    Conclusion

For the reasons stated above, the motion to dismiss of the Putnam defendants (doc. 21) is GRANTED; the motion to dismiss of Hankook (doc. 34) is GRANTED.  Plaintiff's motion to treat his December 17, 2013 filing as an amended complaint (doc. 28) is GRANTED.  Plaintiff's motion to require defendants to answer his amended complaint (doc. 35 ) is DENIED.

This matter is hereby dismissed in its entirety.


                                              s/ James L. Graham

                                              JAMES L. GRAHAM

                                              United States District Judge

DATE: May 14, 2014